The facts of this case and the legal questions presented are identical with those which we considered in Yuratich v. Plaquemines Parish Democratic Executive Committee et al.,32 So.2d 647, with the sole exception that in this case, Owen D. Francis, the contestee, is shown to have owned property of the assessed value of $200. It is shown that he had purchased the said property for $500 on October 8, 1946. Unfortunately for Francis, however, the Act of 1894, No. 94, provides that a Police Juror must own property of an "assessed value" of $250, and this does not give us, nor any other Court, nor any other Committee the right to hold that the purchase price and not the assessed value should be considered in determining the eligibility of a candidate. The law specifically requires that the assessed value of such property be at least $250, and the Democratic State Central Committee as we have held in the Yuratich case, made the same requirement. We do not see that any distinction can be based on this fact.
For the reasons given in the Yuratich case, it is ordered, adjudged and decreed that the judgment of the District Court be annulled and set aside, and that the ruling of the Plaquemines Parish Democratic Executive Committee, holding that Owen D. Francis did not qualify according to law, be and it is reinstated, and therefore, it is further ordered, adjudged and decreed that Owen D. Francis be and he is declared to be ineligible to become a candidate for the Democratic nomination for the office of member of the Police Jury for the Tenth Ward for the Parish of Plaquemines; appellee to pay all costs.
Reversed.